FILED FOR RECORD
Ashley County, Arkansas
at 2:10 o'clock P m

OCT 18 2023

VICKIE STELL, CIRCUIT CLERK
[signature]

## IN THE CIRCUIT COURT OF ASHLEY COUNTY, ARKANSAS
### CIVIL DIVISION

| | | |
|---|---|---|
| **GLENNIS AXIE JACKSON,** Personal Representative of the Estate of **BILLY WITHERS, DECEASED;** and Personal Representative of the Estate of **AXIE WITHERS, DECEASED** | | **PLAINTIFF** |
| VS. | NO. 02CV-23-209-1 | |
| **FEDEX FREIGHT, INC; DERRICK MICHAEL MCKENZIE; JOHN DOE; and JOHN DOE ENTITY** | | **DEFENDANTS** |

### COMPLAINT

COMES NOW the Plaintiff, Glennis Axie Jackson, Personal Representative of the Estate of Billy Withers, deceased; and Personal Representative of the Estate of Axie Withers, deceased, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendants, states and alleges the following:

#### I.  INTRODUCTION

1. This is a case of ordinary negligence, negligent hiring, negligent training, negligent operation, negligent supervision, negligent retention and recklessness that stems from the Defendants' negligent and reckless conduct.

#### II.  RESIDENCY & PARTIES

2. Plaintiff Glennis Axie Withers has been appointed the personal representative of



the Estate of Billy Withers and the Estate of Axie Withers and was at all times relevant a citizen and resident of Crossett, Ashley County, Arkansas.

3. The file-marked Ashley County Circuit Court Orders probating Will and Appointing Glennis Axie Jackson as personal representative of the Estate of Billy Withers and the Estate of Axie Withers is attached as *Exhibit A* and *Exhibit B.* The attached Orders affirm Glennis Axie Jackson is the personal representative of the Estate of Billy Withers and the Estate of Axie Withers, and is the real party in interest to pursue this action under Ark. R. Civ. P. 17(a).

4. Defendant Fedex Freight, Inc. ("Fedex") was at all times relevant is a for profit corporation licensed to do business in the state of Arkansas, physical address 2200 Forward Drive, Harrison, Arkansas 72601.

5. Defendant Fedex's registered agent address for service of process is CT Corporation System, 124 West Capitol Avenue, Suite 1900 Little Rock, Arkansas 72201.

6. Defendant Derrick Michael McKenzie ("McKenzie") was at all times relevant a resident of Bastrop, Morehouse Parish, Louisiana.

7. Pursuant to 49 C.F.R. §390.5, as adopted statewide by Rule 17.1 "General Safety Requirements" of the Arkansas State Highway Commission pursuant to their authority via the Arkansas Constitution and the codified statutes of the State of Arkansas, Defendant Fedex is a statutory employer of Defendant McKenzie at the time of the relevant incident.

8. The identity and residency of John Doe and John Doe Entity are unknown to the Plaintiff, and therefore, Plaintiff sues said Separate Defendants under these fictitious names. On information and belief, John Doe and John Doe Entity, (I) are directly associated with the wrongful acts and omissions described herein, although the full extent of their involvement is unknown at this time, OR (II) conspired with the named parties in this case in the performance of the wrongful

acts and omissions described below, although the full extent of their involvement is unknown at this time, OR, (III) acted as principals or agents, actual or ostensible, or other named parties in this case associated with the wrongful acts and omissions described below, although the full extent of their involvement is not known at this time. Plaintiff thus believes that John Doe and John Doe Entity, are liable for the damages and for other relief sought in this case as participants, co-conspirators, principals or agents, or are otherwise necessary or indispensable party to the adjunction of the issues involved in this case. When the true names and capacities of John Doe and John Doe Entity have been ascertained, appropriate amendments of this Amended Complaint will be filed.

9. Plaintiff's counsel executed a "John Doe Affidavit" in accordance with A.C.A. §16-56-125, and is attached hereto as *Exhibit C*.

10. The incident giving rise to this cause of action occurred on Highway 133 N, in rural Ashley County, Arkansas.

### III. JURISDICTION AND VENUE

11. All of the preceding statements and/or allegations contained within paragraphs 1-20 are hereby adopted and re-alleged as word for word.

12. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

13. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## IV. BASIC PREMISE

14. This is a negligence case which arises from a motor vehicle collision that occurred on April 28, 2023, in rural Ashley County, Arkansas, on Highway 133 N.

## V. FACTS

15. On or about April 28, 2023, at approximately 12:50 PM, Billy Withers and Axie Withers were traveling northbound on Highway 133 N. in a 2014 Volkswagen Passat driven by Billy Withers.

16. At the same time, Defendant Derrick Michael McKenzie, an employee of Fedex, was stopped on the shoulder of the roadway attempting to make a U-turn onto Highway 133 N in rural Ashley County, Arkansas, in a freightliner tractor and trailer owned by Fedex.

17. As Defendant McKenzie was attempting to make his U-Turn onto Highway 133 N, he suddenly, negligently, and without warning pulled out in front of oncoming traffic, causing Billy and Axie Withers' vehicle to collide with the Fedex tractor and trailer.

18. As a result of the collision, both Billy Withers and Axie Withers sustained personal injuries and damages. Both Billy and Axie Withers ultimately died as a result of the collision.

## VI. CAUSE OF ACTION NO. ONE – NEGLIGENCE OF DEFENDANT MCKENZIE

19. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

20. Defendant was negligent in the following particulars:

   (a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

   (b) Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c) Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(d) Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(e) Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(f) Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(g) Failing to properly yield the right-of-way in violation of Ark. Code Ann. § 27-51-503;

(h) Failing to properly stop in violation of Ark. Code Ann. § 27-51-601;

(i) Otherwise failing to exercise ordinary care under the circumstances.

## VII. CAUSE OF ACTION NO. TWO - NEGLIGENCE OF DEFENDANT FEDEX

21. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

22. Upon information and belief, Defendant Fedex negligently trained, educated, directed, prepared, set policy, and gave guidance to its drivers, including Defendant McKenzie, on the risks and dangers of avoiding other vehicles.

23. Upon information and belief, Defendant Fedex negligently trained, educated, directed, prepared, set policy, and gave guidance to Defendant McKenzie on the risks and dangers of not maintaining a proper lookout while driving.

24. Upon information and belief, Defendant Fedex negligently trained, educated, directed, prepared, set policy, and gave guidance to Defendant McKenzie on the risks and dangers of driving in a manner that is inattentive and such inattention that is not reasonable and prudent in maintaining vehicular control.

## VIII.  CAUSE OF ACTION NO. THREE – VICARIOUS LIABILITY

25. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

26. Defendant Fedex is responsible and vicariously liable for the negligence of its employees/agents (McKenzie) under the legal doctrine of joint enterprise and *respondeat superior*, joint enterprise and/or principles of agency as adopted by the State of Arkansas.

27. Upon information and belief, at the time of the wreck, Defendant McKenzie was in the course and scope of his employment or agency of Defendant Fedex.

28. Defendant Fedex's employees, agents, and representatives' negligent acts and omissions are imputed to the Defendant, their employer/principal, under the legal doctrine of *respondeat superior* and the principles of agency as adopted in the State of Arkansas.

29. The negligence of Separate Defendant McKenzie is imputed to Separate Defendant Fedex as a matter of law.

## IX.  CAUSE OF ACTION NO. FOUR – WRONGFUL DEATH

30. As Personal Representative, Glennis Axie Jackson is entitled to bring an action under the Arkansas Survival and Wrongful Death statutes, Ark. Code Ann. §16-62-101, §16-02-102, for the wrongful death of Billy and Axie Withers for the exclusive benefit of their heirs.

31. As a direct and proximate result of FedEx Freight's negligence, Billy Withers died on May 21, 2023.

32. As a direct and proximate result of FedEx Freight's negligence, Axie Withers died on June 14, 2023.

33. As a direct and proximate result of FedEx Freight's negligence, the heirs of the deceases, Billy and Axie Withers, have incurred and will continue to incur non-economic damages, including among other things, loss of affection, aid, care, comfort, companionship, society, support, and great mental anguish, agony, and emotional distress, all to their damages, in a reasonable sum.

## VIII. PROXIMATE CAUSATION

34. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

35. The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## IX. INJURIES AND COMPENSATORY DAMAGES

36. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

37. Billy Withers and Axie Withers sustained severe personal injuries and died, and Plaintiff sustained personal injuries and damages, as a result of the collision.

38. Billy Withers and Axie Withers experienced extreme terror immediately before and after the collision.

39. Billy Withers and Axie Withers incurred medical expenses as a result of the incident.

40. The Estate of Billy Withers and Estate of Axie Withers, who are represented in this litigation by Plaintiff Glennis Axie Jackson, incurred funeral and medical expenses as a result of the incident.

41. Plaintiff is entitled to recover under Arkansas Law for Billy and Axie Withers wrongful death and survival damages for their heirs at law under A.C.A. §16-62-102 and A.C.A §16-62-101, which includes, but are not limited to, the following measure of damages:

   (a) Pecuniary injuries sustained, including benefits, goods, and services that the decedents would have contributed, including the instruction, moral training, and supervision of education that might have reasonably been given;

   (b) Mental anguish suffered in the past and reasonably certain to be suffered in the future;

   (c) Reasonable value of funeral expenses;

   (d) Conscious pain and suffering of the decedents prior to their death;

   (e) Value of any earnings, profits or salary lost by the decedents' and their heirs;

   (f) The decedents' loss of life.

42. Plaintiff hereby demands loss of life damages to the full extent allowed under Arkansas law for the death of Billy Withers and Axie Withers.

43. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## X. DEMAND FOR JURY TRIAL

44. Plaintiff hereby demands a trial by jury.

## XI. DEMAND & PRAYER

45. The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

46. Plaintiff demands judgment against the Defendants for pre-judgment interest and

post-judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorney for Plaintiff

By: _____
Jeremy McNabb, Ark. Bar #2003083
John Rainwater, Ark Bar #2009137
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
(501) 868-2500 phone
(501) 868-2508 fax
mcnabb@rainfirm.com

IN THE CIRCUIT COURT OF ASHLEY COUNTY, ARKANSAS
CIVIL DIVISION

GLENNIS AXIE JACKSON,
Personal Representative of the
Estate of BILLY WITHERS,
DECEASED; and Personal Representative
of the Estate of AXIE WITHERS,
DECEASED                                                                PLAINTIFF

V.                                          CASE NO. 02CV-23-209-1

FEDEX FREIGHT, INC;
DERRICK MICHAEL
MCKENZIE; JOHN DOE;
and JOHN DOE ENTITY                                                    DEFENDANT

SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

Fedex Freight, Inc.
c/o C T Corporation System
124 West Capitol Ave, Suite 1900
Little Rock, Arkansas 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Jeremy McNabb, Rainwater, Holt & Sexton, P.A., P.O. Box 17250, Little Rock, Arkansas 72222.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:**

Address of Clerk's Office
205 E. Jefferson Street
Hamburg, Arkansas 71646

[SEAL]

CLERK OF COURT

[Signature of Clerk or Deputy Clerk]
Date: Oct 18, 2023

IN THE CIRCUIT COURT OF ASHLEY COUNTY, ARKANSAS
CIVIL DIVISION

GLENNIS AXIE JACKSON,
Personal Representative of the
Estate of BILLY WITHERS,
DECEASED; and Personal Representative
of the Estate of AXIE WITHERS,
DECEASED                                                                    PLAINTIFF

V.                                      CASE NO. 02CV-23-209-1

FEDEX FREIGHT, INC;
DERRICK MICHAEL
MCKENZIE; JOHN DOE;
and JOHN DOE ENTITY                                                         DEFENDANT

SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

Derrick Michael McKenzie
5985 Leamon Baker
Bastrop, Louisiana 71220

---

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Jeremy McNabb, Rainwater, Holt & Sexton, P.A., P.O. Box 17250, Little Rock, Arkansas 72222.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:**

Address of Clerk's Office
205 E. Jefferson Street
Hamburg, Arkansas 71646

[SEAL]

CLERK OF COURT

Lisa Fulgham
[Signature of Clerk or Deputy Clerk]
Date: Oct 18, 2023

## IN THE CIRCUIT COURT OF ASHLEY COUNTY, ARKANSAS
## CIVIL DIVISION

GLENNIS AXIE JACKSON,
Personal Representative of the
Estate of BILLY WITHERS,
DECEASED; and Personal Representative
of the Estate of AXIE WITHERS,
DECEASED                                                    **PLAINTIFF**

V.                                    CASE NO. 02CV-23-209-1

FEDEX FREIGHT, INC;
DERRICK MICHAEL
MCKENZIE; JOHN DOE;
and JOHN DOE ENTITY                                         **DEFENDANT**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Fedex Freight, Inc.
c/o C T Corporation System
124 West Capitol Ave, Suite 1900
Little Rock, Arkansas 72201

---

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Jeremy McNabb, Rainwater, Holt & Sexton, P.A., P.O. Box 17250, Little Rock, Arkansas 72222.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:**

Address of Clerk's Office
205 E. Jefferson Street
Hamburg, Arkansas 71646

[SEAL]

CLERK OF COURT

*Lisa Latham*
[Signature of Clerk or Deputy Clerk]
Date: Oct 18, 2023

EXHIBIT "A"